UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| J.P., on her own behalf and on behalf of her minor child, M.A., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 23-cv-1136-JES |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

### ORDER

On April 3, 2023, Plaintiffs, a mother and son, filed suit alleging that Defendant violated their constitutional rights by forcibly separating them at the Paso del Norte Port of Entry along the U.S.-Mexico border, pursuant to the Department of Justice's Family Separation Policy. Doc. 1 (the "Complaint"). As a result of the separation, Plaintiffs seek to hold Defendant liable under the Federal Tort Claims Act for: Intentional Infliction of Emotional Distress (Count I); Negligence (Count II); Abuse of Process (Count III); Malicious Prosecution (Count IV); False Imprisonment (Count V); Child Abduction (Count VI); and Loss of Consortium (Count VII).

Defendant moved to dismiss the Complaint (Doc. 12), supported by a memorandum of law. Doc. 13 (collectively, the "Motion"). Plaintiffs oppose the Motion. Doc. 21 (the "Response"). And, Defendant filed a reply with leave of Court. Doc. 23 (the "Reply"). Having reviewed the parties' pleadings, the Court notes the uncertainty as to whether subject matter jurisdiction exists, because it is unclear whether Plaintiffs were separated pursuant to the Family Separation Policy.

Plaintiffs suggest that the Family Separation Policy began as early as July 2017, whereas Defendant argues that the policy was not in effect until April 2018. Given that Plaintiffs were separated in January 2018, the Court requires clarity on the consequence of the policy on Plaintiffs'

separation. The Court also stresses the importance of the veracity of J.P.'s indictment. *See D.J.C.V. v. United States,* 605 F. Supp. 3d 571, 605 (S.D.N.Y. 2022) ("[I]f G.C.'s criminal history of domestic violence—and not the Zero Tolerance policy—drove the decision to detain and then securely house and thus separate him from D.J.C.V., plaintiffs' FTCA claims would be barred, because each sequential decision fell within either the DFE or the DCE.").

Needless to say, for the same reasons as recounted in almost every single district court opinion on this issue, if the Family Separation Policy was the driving force behind Plaintiffs' separation, then this Court would have subject jurisdiction to consider the merits of the case. *See, e.g., S.M.F. v. United States*, RAJ-22-1193, 2023 WL 6215319, at *4-5 (W.D. Wa. Sept. 25, 2023); *Flores Benitez v. Miller*, ___ F. Supp. 3d ___, 2023 WL 5290855, at *11-15 (D. Conn. Aug. 17, 2023); *C.M. v. United States*, ___ F. Supp. 3d ___, 2023 WL 3261612, at *15-44 (W.D. Tex. May 4, 2023); *C.D.A. v. United States*, EGS-21-469, 2023 WL 2666064, at *13-15 (E.D. Pa. Mar. 28, 2023); *K.O. v. United States*, ___ F. Supp. 3d ___, 2023 WL 131411, at *6-10 (D. Mass. Jan. 9, 2023). The Court need not address any other issue raised in the Motion at this juncture, but will do so when ultimately issuing a decision.

Accordingly, the Court directs the parties to commence limited jurisdictional discovery as to whether Plaintiffs were separated due to the Family Separation Policy, as outlined in the Complaint, or on some other basis. The case is thus referred to Magistrate Judge Hawley to oversee discovery for this sole purpose.

Entered on this 10th day of October 2023.

/s/ *James E. Shadid*
UNITED STATES DISTRICT JUDGE