E-FILED
Tuesday, 24 September, 2024 12:47:00 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

J.P. on her own behalf and on behalf of her minor child, M.A.,

Plaintiffs,

v.

United States of America,

Defendant.

No. 1:23-cv-01136-JES-JEH

**PLAINTIFFS' MOTION FOR COURT APPROVAL OF SETTLEMENT OF MINOR'S CLAIMS**

Plaintiffs J.P., on her own behalf and on behalf of her minor son M.A., file this Motion for Court Approval of Settlement of Minor's Claims, and state as follows:

1. Plaintiff J.P. brought the above-captioned case on her own behalf and on behalf of M.A., her minor son. This case is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq. Plaintiffs allege that Defendant unlawfully separated Plaintiffs when they sought asylum at the U.S.-Mexico border, and prolonged their separation for over one year, causing injury to Plaintiffs.
2. This action was commenced on April 3, 2023. ECF No. 1. On August 4, 2023, Defendant moved to dismiss for lack of jurisdiction and failure to state a claim. ECF Nos. 12-13. Following briefing, and without ruling on the Motion to Dismiss, the Court ordered jurisdictional discovery regarding the basis for Plaintiffs' separation (the "Jurisdictional Discovery Order"). ECF No. 24. Defendant made its first document production to Plaintiffs on February 2, 2024.

3. Following entry of the Jurisdictional Discovery Order, Plaintiffs and Defendant engaged in settlement negotiations. Those negotiations have culminated in a settlement whereby Defendant will pay Plaintiffs $160,000 in settlement of all their claims (the "Settlement Amount"), pending Court approval of the settlement for M.A., a minor. Attached as Exhibit A is the proposed Settlement Agreement.
4. The settlement of this case – as set forth in the Settlement Agreement – is contingent upon Plaintiffs obtaining both this Court's approval for M.A.'s portion of the settlement and the authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement. Defendant is able to seek approval of the Settlement by the Attorney General only after Court approval of the minor settlement is obtained.
5. District Courts in this Circuit have approved minor settlements where (1) the minor was represented by diligent and reasonable counsel; (2) the proposed settlement and planned disbursement of funds is fair, reasonable, and in the best interest of the minor; and (3) the provision for attorneys' fees and expenses are reasonable. *See, e.g.*, *H.P. v. Kelley*, No. 21-cv-453, 2023 WL 7387659, at *1-*2 (S.D. Ill. Oct. 4, 2023); *D.W. v. Mahomet-Seymour Cmty. Sch. Dist. No. 3*, No. 20-cv-2226, 2021 WL 6104293, at *1-*2 (C.D. Ill. June 7, 2021).
6. Plaintiff M.A. was represented by diligent and reasonable counsel. The parties arrived at the Settlement Agreement after negotiating for over six months, following vigorous argument on Defendant's Motion to Dismiss, which involved complex legal issues. In parallel to the settlement negotiations, the parties engaged in substantial discovery, during which Plaintiffs' counsel reviewed over 50,000 documents produced by Defendant. Plaintiffs' counsel also pursued additional discovery, including by noticing a discovery dispute shortly before the parties reached a tentative settlement agreement.
7. Settling this matter pursuant to the proposed Settlement Agreement is in the best interest of M.A. and fully protects M.A.'s interests while avoiding delay and risks of further

proceedings. The settlement will provide the benefits necessary to redress M.A.'s alleged injuries.

8. Additionally, the settlement protects M.A.'s future needs. Specifically, the Settlement Amount will be split such that fifty (50) percent of the Settlement Amount will be allocated to J.P. and fifty (50) percent of the Settlement Amount will be allocated to M.A. M.A.'s portion will be held for his benefit in a private trust or in a blocked account belonging solely to M.A., which, pursuant to this Court's order, he will be able to access no earlier than his eighteenth birthday.
9. Plaintiffs' counsel, Morrison & Foerster LLP and Ellis Legal, P.C. are representing Plaintiffs *pro bono* and will not be receiving any portion of the Settlement Amount.
10. Defendant does not oppose the relief sought herein.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an order approving the settlement of the above-captioned case against the United States of America pursuant to the proposed Settlement Agreement and further authorizing Plaintiffs to execute all necessary instruments, including but not limited to the proposed Settlement Agreement, to complete the settlement on behalf of M.A.

Dated: September 24, 2024

Respectfully submitted,

By: *<u>/s/ Daralyn J. Durie</u>*

Daralyn J. Durie
Bethany D. Bengfort
Hanna M. Lauritzen
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2582
Telephone: 415.268.7000
DDurie@mofo.com
BBengfort@mofo.com
HLauritzen@mofo.com

John C. Ellis
Justin Deluca
David A. DeSchepper
Sophia Maietta
ELLIS LEGAL, P.C.
200 W. Madison Street, Ste. 2670
Chicago, IL 60606
Telephone: 312.967.7629
jellis@ellislegal.com
jdeluca@ellislegal.com
ddeschepper@ellislegal.com
smaietta@ellislegal.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2024, the within document was filed with the Clerk of the Court using CM/ECF.

*/s/ Daralyn J. Durie*
DARALYN J. DURIE